IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CR-07-187-E-BLW |
| | ) | |
| vs. | ) | |
| | ) | **PRELIMINARY** |
| RAMON ARREDONDO-SICAIROS, | ) | **ORDER OF FORFEITURE** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter having come before the Court upon Plaintiff's Motion for Preliminary Order of Forfeiture (Docket No. 237), and based upon the record and filings herein, the Court makes the following findings and order:

A Plea Agreement was entered into between RAMON ARREDONDO-SICAIROS and the United States of America on March 17, 2008, by which the defendant pled guilty to a violation of 18 U.S.C. § 922(g)(1).  Said Plea provides for forfeiture of any and all interests the defendant possessed in the following property pursuant to 18 U.S.C. § 924(d) and made applicable pursuant to 28 U.S.C. § 2461(c):

<u>Firearms and Ammunition associated therewith</u>:

1.  One (1) Armi Fratelli Tangfoglio, model TA 90, 9mm handgun, serial

number G15847

Based on the file herein, including the Plea Agreement, and the factual basis set out therein, for the reasons stated at bar, and pursuant to the Plaintiff's Motion for Preliminary Order of Forfeiture:

THE COURT FINDS that the above-described property was property which was involved in a violation of 18 U.S.C. § 922(g)(1).

Upon entry of this Order, the United States Attorney General (or a designee); is authorized to seize the above-listed property, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Federal Rule of Criminal Procedure 32.2(b)(3).

Upon entry of this Order, the United States Attorney General (or a designee); is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

The United States shall publish once a week for three consecutive weeks in a newspaper of general circulation and will publish on www.forfeiture.gov notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General (or a designee) may direct.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

Any person, other than the above-named defendant, asserting a legal interest

in the Subject Property may, within thirty days of the publication of the notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6), and made applicable pursuant to 28 U.S.C. § 2461(c).

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in pursuant to 21 U.S.C. § 853(n)(2), and made applicable pursuant to 28 U.S.C. § 2461(c) for the filing of third party petitions.

This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

DATED: **June 23, 2008**

B. LYNN WINMILL
Chief Judge
United States District Court